1 MICHAEL HOFFMAN, Bar No. 162496
  ARENA HOFFMAN LLP
2 220 Montgomery Street, Suite 905
  San Francisco, CA 94104
3 Telephone: 415.433.1414
  Facsimile: 415.520.0446
4 Email:  mhoffman@arenahoffman.com

5 Attorneys for Defendant
  AUTOZONE, INC

6

7

8       UNITED STATES DISTRICT COURT

9       EASTERN DISTRICT OF CALIFORNIA

10

11 CHERIE WALLIS, an individual,    Case No.

12     Plaintiff,

13   v.         **NOTICE OF REMOVAL**

14 AUTOZONE, INC. a Nevada Corporation,
  And DOES 1 through 60, inclusive,
15

16     Defendants.

17

18 TO THE COURT, ALL PARTIES, AND ALL ATTORNEYS OF RECORD:

19    Defendant AutoZone, Inc. ("AutoZone"), for purposes of removing this action on the basis of

20 diversity jurisdiction, 28 U.S.C. §§ 1332, 1441, *et seq.*, to the United States District Court for the

21 Eastern District of California, serves notice and respectfully avers:

22       **PLEADINGS AND PROCEEDINGS TO DATE**

23    1.  On or about June 8, 2020, a Complaint in this action was filed in Superior Court of

24 California, County of Butte, and assigned case no. 20CV01145 by said court (the "Action"). Butte

25 County Superior Court issued a Summons on or about June 8, 2020. True and correct copies of the

26 Summons and Complaint are attached hereto as Exhibit A.

27

28

ARENA HOFFMAN LLP
220 Montgomery Street
Suite 905
San Francisco, CA 94104
415 433 1414

NOTICE OF REMOVAL

2.      AutoZone was served with the Summons and Complaint on June 11, 2020.  The additional papers delivered to AutoZone with the Summons and Complaint were:  Civil Case Cover Sheet; Notice of Assignment and Case Management Conference; Alternative Dispute Resolution Packet; and Stipulation to Participate in Alternative Dispute Resolution.  Plaintiff later filed a Proof of Service.  True and correct copies of said documents are attached hereto as Exhibit B.

3.      On July 2, 2020, AutoZone filed and served an Answer to the Complaint.  Attached hereto as Exhibit C is a true and correct copy of the Answer.

4.      AutoZone is informed and believes that the aforementioned Exhibits A, B, and C constitute all of the process, pleadings, and orders on file in the action.

5.      AutoZone is informed and believes that there has been no service of process upon Defendant Does 1 through 60, nor other parties, named or otherwise.  The identification of "Doe" defendants does not defeat removal to this Court.  All existing and served Defendants consent and join in the removal of this action.

6.      Thirty days since service of the Summons and Complaint have not yet expired.  Accordingly, removal of this action is timely under 28 U.S.C. § 1446(b).

**DIVERSITY JURISDICTION**

7.      This action is one which may be removed to this Court by AutoZone pursuant to 28 U.S.C. §§ 1332, 1441, 1446, in that there is complete diversity of citizenship between the parties and Plaintiff seeks damages in excess of the minimum statutory amount in controversy.

8.      Plaintiff is, and at all times relevant has been, a citizen of the United States and domiciled in California.  Plaintiff worked at an AutoZone store in Oroville.  According to her job application and personnel records, Plaintiff resided in Oroville, California at all times and currently resides in Oroville.  Plaintiff holds a California driver's license and a Social Security number.  She identified Oroville as her domicile for tax purposes.  Plaintiff has resided and worked in Oroville, at all times relevant; she intends to remain domiciled in California.

9.      AutoZone is a Nevada corporation.  AutoZone's principal place of business is the corporate headquarters in Memphis, Tennessee.  Approximately 1,350 individuals work at the Memphis headquarters, where corporate officers and administrative staff direct and control corporate

ARENA HOFFMAN LLP
220 Montgomery Street
Suite 905
San Francisco, CA  94104
415 433 1414

NOTICE OF REMOVAL                                    2.

1   policy in these areas: finance, accounting, merchandising, legal, human resources, payroll, store

2   operations, marketing, supply chain, and information technology.

3          10.     Plaintiff is a citizen of the United States and domiciled in California. AutoZone is a

4   Nevada corporation, has its corporate office in Tennessee, and is not domiciled in California.

5   Complete diversity of citizenship exists between the parties.

6          11.     In the Complaint, Plaintiff asserts claims under the California Fair Employment and

7   Housing Act ("FEHA"), Cal. Gov't Code § 12940, *et seq*., arising from her employment and

8   discharge: (1) harassment and discrimination in violation of FEHA; (2) failure to prevent harassment

9   and discrimination; (3) retaliation in violation of FEHA; and (4) wrongful termination in violation of

10   public policy. (Exh. A, Compl.) Plaintiff does not state in her Complaint whether she seeks

11   damages of $75,000 or less.

12          12.     The District Courts of the United States have original and removal jurisdiction over

13   any action where the amount in controversy exceeds $75,000 and complete diversity of citizenship

14   exists between the plaintiff and the defendant. 28 U.S.C. §§ 1332(d), 1441(b). Where it is unclear

15   from the Complaint whether more than $75,000 is in controversy, a defendant need only include

16   plausible allegations that the amount in controversy exceeds the jurisdictional threshold. *Dart*

17   *Cherokee Basin Operating Co., LLC v. Owen*, 574 U.S. 81, 135 S.Ct. 547, 554 (2014). The

18   jurisdictional minimum may be satisfied by claims for all damages and attorneys' fees in amounts

19   reasonably anticipated at the time of removal.

20          13.     Plaintiff allegedly sustained "and continues to sustain" lost income and benefits as

21   economic damages. (Exh. A, Compl. at 5-6, 8) She worked as Parts Sales Manager and earned over

22   $25,000 annually, plus benefits. Plaintiff alleges that her employment ended on May 25, 2019. (*Id.*

23   at 4) Plaintiff's demand and amount in controversy for past and future lost income and benefits is

24   more than $50,000. *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018) (amount

25   in controversy exceeded $75,000 where the employee had salary of $39,000); *Kroske v. U.S. Bank*

26   *Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (past and future lost wages are relevant for removal).

27          14.     Plaintiff also seeks general damages for emotional distress and unspecified "special

28   damages." (Exh. A, Compl. at 5-6, 8, 10) California courts award substantial amounts for general

ARENA HOFFMAN LLP
220 Montgomery Street
Suite 905
San Francisco, CA 94104
415 433 1414

NOTICE OF REMOVAL            3.

1 damages alleged in FEHA actions. *See, e.g., Roby v. McKesson Corp.*, 47 Cal. 4th 686 (2009)

2 (affirming verdict of $500,000 in general damages); *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029,

3 1034 (N.D. Cal. 2002) (verdict of $3,500,000 was instructive, even though the plaintiff had worked

4 only four months, because "emotional distress damages in a successful employment discrimination

5 case may be substantial"). Given the range of customary general damage awards in FEHA actions,

6 Plaintiff's demand and the amount in controversy for alleged emotional distress damages is $25,000

7 or more. *Kroske*, 432 F.3d at 980 (district court correctly exercised removal jurisdiction, even

8 though the plaintiff did not quantify damages in interrogatory responses, because "her emotional

9 distress damages would add at least an additional $25,000 to her claim").

10      15. Plaintiff seeks punitive damages for alleged malice in terminating her employment.

11 (Exh. A, Compl. at 5, 7-10) Punitive damages and penalties form part of the amount in controversy.

12 *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001). California courts allow punitive

13 damage awards in discrimination and retaliation cases, which may exceed Plaintiff's actual damages.

14 *Roby*, 47 Cal. 4th at 719 (punitive damage award of $1,905,000 affirmed); *Simmons*, 209 F. Supp. 2d

15 at 1033. A punitive damage award of $25,000 reasonably estimates the amount in controversy if

16 Plaintiff proves the allegations in the pleading, given her potential economic and general damages.

17      16. Plaintiff also demands an award of attorneys' fees and costs, "including expert fees,"

18 pursuant to FEHA, Cal. Govt. Code § 12965. (Exh. A, Compl. at 5, 7-8, 10) All attorneys' fees,

19 including post-removal fees authorized by law, form part of the amount in controversy. *Brady v.*

20 *Mercedes–Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1011 (N.D. Cal. 2002) (collecting cases). For

21 purposes of removal, AutoZone estimates that Plaintiff's counsel demands $300 per hour or more in

22 employment cases. Plaintiff's counsel will spend an estimated 100 hours litigating the matter. Thus,

23 Plaintiff's demand for attorneys' fees adds at least $30,000 to the amount in controversy. *Simmons*,

24 209 F. Supp. 2d at 1034-35 (upholding removal where wage loss totaled $25,600).

25      17. Based on the foregoing, the amount in controversy exceeds the $75,000 statutory

26 minimum for removal based on diversity of citizenship. Removal is therefore proper.

27

28

ARENA HOFFMAN LLP
220 Montgomery Street
Suite 905
San Francisco, CA 94104
415 433 1414

NOTICE OF REMOVAL                                    4.

## VENUE

18.    This is a civil suit brought in a California state court.  Plaintiff alleges that she was employed in Butte County, and that her alleged damages occurred in Butte County.  Based on the allegations in Plaintiff's Complaint, AutoZone is informed and believes that the events giving rise to this action occurred within this judicial district.  This Court is the appropriate venue for actions removed from Butte County Superior Court.

19.    AutoZone is giving written notice of the filing of this Notice of Removal to all adverse parties as required by 28 U.S.C. § 1446(d) and will file a copy with the Clerk of Court of the Superior Court of California, Butte County, or as further required by statute.

WHEREFORE, Defendant AutoZone, Inc. prays that the above-referenced action now pending in Butte County Superior Court, case no 20CV01145, be removed from that court to this United States District Court.

Dated: July 6, 2020

/S/ Michael Hoffman
MICHAEL HOFFMAN
ARENA HOFFMAN LLP
Attorneys for Defendant
AUTOZONE, INC.

ARENA HOFFMAN LLP
220 Montgomery Street
Suite 905
San Francisco, CA  94104
415 433 1414

NOTICE OF REMOVAL                                      5.

# EXHIBIT A

# SUMMONS
## *(CITACION JUDICIAL)*

**SUM-100**

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

F I L E D

Superior Court of California
County of Butte

**6/8/2020**

Kimberly Flener, Clerk
By _C. Tilton_ Deputy
*Electronically FILED*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
AUTOZONE, INC, a Nevada Corporation, and DOES 1
through 60, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
CHERIE WALLIS, an individual,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>NORTH BUTTE COUNTY COURTHOUSE<br>1775 CONCORD AVENUE<br>CHICO, CA 95928 | CASE NUMBER:<br>*(Número del Caso):*<br>**20CV01145** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
KESLUK, SILVERSTEIN, JACOB & MORRISON, P.C.     310-273-3180     Fax: 310-273-6137
9255 Sunset Boulevard, Suite 411
Los Angeles, California 90069

DATE: **6/8/2020**           Kimberly Flener    Clerk, by _C. Tilton_ , Deputy
*(Fecha)*                                         *(Secretario)*                      *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

**SUMMONS**

Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465

1  Douglas N. Silverstein, Esq. (SBN 181957)
2  Michael G. Jacob, Esq. (SBN 229939)
   KESLUK, SILVERSTEIN, JACOB & MORRISON, P.C.
3  9255 Sunset Boulevard, Suite 411
   Los Angeles, California 90069
4  Telephone: (310) 273-3180
   Facsimile: (310) 273-6137
5  dsilverstein@californialaborlawattorney.com
   mjacob@californialaborlawattorney.com
6
7  Attorneys for Plaintiff CHERIE WALLIS

F I L E D
Superior Court of California
County of Butte
6/8/2020
Kimberly Flener, Clerk
By _____ C. Tilton _____ Deputy
Electronically FILED

8               SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                            COUNTY OF BUTTE

10  CHERIE WALLIS, an individual,          CASE NO. 20CV01145

11              Plaintiff,                  PLAINTIFF'S COMPLAINT FOR
                                           DAMAGES
12       v.
                                           1. **Hostile Environment and Discrimination
13  AUTOZONE, INC, a Nevada Corporation,      in Violation of FEHA;**
    and DOES 1 through 60, inclusive,      2. **Failure to Take All Reasonable Steps to
14                                            Prevent Harassment, Discrimination
15              Defendants.                   and Retaliation;**
                                           3. **Retaliation in Violation of FEHA;**
16                                         4. **Wrongful Termination in Violation of
                                              Public Policy**
17

18                                         **PUNITIVE DAMAGES**

19                                         **DEMAND FOR JURY TRIAL**

20                                         **UNLIMITED JURISDICTION**

21

22

23

24       Plaintiff CHERIE WALLIS ("Ms. Wallis" or "Plaintiff") alleges as follows:

25       1.    Plaintiff CHERIE WALLIS is, and at all material times was, an individual residing

26  in the County of Butte, State of California.

27       2.    Defendant Autozone, Inc. ("Autozone" or, collectively with all defendants,

28

Kesluk, Silverstein,
Jacob & Morrison, P.C.
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180

1
PLAINTIFF'S COMPLAINT FOR DAMAGES

1    "Defendants") is, and at all times relevant to the Complaint was, a Nevada Corporation doing

2    business in the County of Butte, at 1970 Oro Dam Blvd., Oroville, CA 95966

3          3.      Plaintiff does not know the true names or capacities of the Defendants sued as

4    DOES 1 through 60, inclusive.  Thus, Plaintiff sues these Defendants under fictitious names.

5    When their true names and capacities have been ascertained, Plaintiff will amend this Complaint.

6    Plaintiff is informed and believes, and based thereon alleges, that the fictitiously named

7    Defendants were the agents, servants, and employees of each of the named Defendants and, in

8    doing the acts and things alleged, were at all times acting within the course and scope of that

9    agency, servitude, and employment and with the permission, consent, and approval, or subsequent

10   ratification, of each of the named Defendants.  Reference to "Defendants" includes the named

11   Defendant and the DOE Defendants.

12         4.      Plaintiff is informed and believes and based thereon alleges, that at all material

13   times, each of the Defendants was the agent and/or employee of each of the remaining

14   Defendants, and each of them was at all material times acting within the purpose and scope of

15   such agency and employment. Plaintiff is informed and believes and based thereon alleges, that at

16   all times herein mentioned, one or more of each named and/or unnamed Defendants was the alter-

17   ego of one or more of the remaining named and/or unnamed Defendants, and as hereinafter

18   alleged, was acting for their own benefit and/or the benefit of one or more of the remaining

19   named and/or unnamed Defendants.

20         5.      Plaintiff is informed and believes and based thereon alleges, at all times herein

21   mentioned, Defendant DOES 1 through 60, inclusive, were the agents, servants, partners,

22   employees, alter egos and/or joint venturers of their co-Defendants, and, in doing the acts and

23   things hereinafter alleged, were at all times acting within the course and scope of their authority

24   as agents, servants, employees, partners and/or joint-venturers with the permission, consent and

25   approval, or subsequent ratification of their co-Defendants.  Reference to "Defendants" shall

26   include the named Defendants and DOE Defendants.

27         6.      Plaintiff is further informed and believes, and on that basis alleges, that one or

28   more of the remaining named and/or unnamed Defendants are the successors of one or more of

*Kesluk, Silverstein,*
*Jacob & Morrison, P.C.*
9255 Sunset Blvd., Ste. 411
Los Angeles, CA  90069
Tel: (310) 273-3180

2

PLAINTIFF'S COMPLAINT FOR DAMAGES

1    the remaining named and/or unnamed Defendants.

2        7.      Plaintiff is further informed and believes, and on that basis alleges, that Defendant

3    and DOE Defendants failed to adhere to corporate and legal formalities.  Plaintiff is informed and

4    believes, and based thereon alleges, that at all times herein mentioned, one or more of each

5    unnamed Defendants was in some fashion, by statute, law or otherwise, the agent, agency,

6    branch, department, member, successor, parent, subsidiary or the like of one or more of the

7    remaining named and/or unnamed Defendants for the acts alleged herein and was acting within

8    that capacity.

9        8.      Plaintiff is informed and believes and based thereon alleges, that at all times herein

10   mentioned, one or more of each named and/or unnamed Defendants was the alter-ego of one or

11   more of the remaining named and/or unnamed Defendants, and as hereinafter alleged, was acting

12   for their own benefit and/or the benefit of one or more of the remaining named and/or unnamed

13   Defendants.

14       9.      Plaintiff timely filed charges against Defendants with the California Department of

15   Fair Employment and Housing ("DFEH") and has received a "Right to Sue" notice as to

16   Defendants.  All conditions precedent (exhaustion of administrative remedies) to jurisdiction,

17   have been complied with.

18

19                           **GENERAL ALLEGATIONS**

20       10.     Cherie Wallis began working for Defendants on or about January 15, 2014.

21       11.     During her employment, Ms. Wallis engaged in protected activity under the Fair

22   Employment & Housing Act, including but not limited to making protected complaints.

23       12.     Early on in her employment, she complained about James Warnock making

24   inappropriate comments pertaining to sex and attempting to get her fired pertaining to protected

25   time off, including pregnancy.

26       13.     Ms. Wallis additionally complained about ongoing sexual favoritism, including but

27   not limited to favoritism for those who participated in sexual relationships with managers.

28       14.     Desirae, another female employee, received preferential treatment on account of her

Kesluk, Silverstein,
Jacob & Morrison, P.C.
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180

3

PLAINTIFF'S COMPLAINT FOR DAMAGES

1    sex and/or romantic relationship with a supervisor named Brian.

2        15.    Ms. Wallis made protected complaints to Tracy Eckersell, Human Resources

3    Manager, including but not limited to on April 6, 2019 and April 9, 2019. She additionally informed

4    Defendants that she was being harassed by Desirae. Ms. Wallis additionally informed Defendants

5    on or out April 9, 2019 that she had contacted the Department of Fair Employment & Housing and

6    scheduled an intake interview.

7        16.    On April 10, 2019, Ms. Wallis notified Ms. Eckersell that she was experiencing

8    anxiety and panic attacks regarding ongoing harassment, including by Desirae.  Ms. Wallis also

9    indicated she had filed police reports.

10        17.    On or about May 25, 2019, Defendants terminated Ms. Wallis for a false and

11    pretextual reason.

12

13                            **FIRST CAUSE OF ACTION**

14    **HOSTILE ENVIRONMENT AND DISCRIMINATION IN VIOLATION OF FEHA**

15                       **(Against Defendants and DOES 1-60, inclusive)**

16        18.    As a separate and distinct cause of action, Plaintiff complains and realleges all of

17    the allegations contained in this Complaint, and incorporates them by reference into this cause of

18    action as though fully set forth herein, excepting those allegations which are inconsistent with this

19    cause of action.

20        19.    At all times mentioned in this Complaint, the California Fair Employment and

21    Housing Act ("FEHA"), *Government Code* §§ 12940 *et seq.*, was in full force and effect and was

22    binding on Defendants, and each of them.  These sections required Defendants, and each of them,

23    to refrain from discriminating against Plaintiff on the basis of her sex and/or disability.

24    Defendants nonetheless discriminated against Plaintiff due to sex.

25        20.    Defendants created a hostile environment, subjected Plaintiff to adverse

26    employment action and/or terminated Plaintiff because of sex and/or disability.

27        21.    By engaging in the above-referenced acts and omissions, Defendants, and each of

28    them, created a hostile environment and discriminated against Plaintiff in violation of

Kesluk, Silverstein,
Jacob & Morrison, P.C.
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180

4

PLAINTIFF'S COMPLAINT FOR DAMAGES

*Government Code §§ 12940 et seq.*

22.     As a proximate result of Defendants' wrongful conduct, Plaintiff has sustained and continues to sustain economic damages in earnings and other employment benefits in an amount according to proof.

23.     As a proximate result of Defendant's wrongful conduct, Plaintiff has sustained and continues to sustain non-economic damages and emotional distress, including but not limited to, loss of sleep, anxiety, tension, depression, and humiliation.

24.     Plaintiff has sustained general and special damages within the jurisdictional limits of this Court.

25.     The acts and conduct of Defendants, and each of them, including, but not limited to Tracy Eckersell, constituted "malice," "oppression" and/or "fraud" (as those terms are defined in California *Civil Code* § 3294(c)), in that it was intended by Defendants, and each of them, to cause injury to Plaintiff or was despicable conduct which was carried out by the Defendants, and each of them, with a willful and conscious disregard of the rights of Plaintiff.

26.     The acts of Defendants, and each of them, were done fraudulently, maliciously and oppressively and with the advance knowledge, conscious disregard, authorization, ratification or act of oppression, within the meaning of *Civil Code* § 3294 on the part of Defendants' officers, directors, or managing agents of the corporation.  The actions and conduct of Defendants, and each of them, were intended to cause injury to Plaintiff and constituted deceit and concealment of material facts known to Defendants, and each of them, with the intention on the Defendants' part to deprive Plaintiff of property and legal rights, justifying an award of exemplary and punitive damages in an amount according to proof.

27.     Plaintiff is entitled to attorneys' fees pursuant to *Government Code* § 12965.

Keslok, Silverstein,
Jacob & Morrison, P.C.
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180

5
PLAINTIFF'S COMPLAINT FOR DAMAGES

## SECOND CAUSE OF ACTION

### FAILURE TO TAKE ALL REASONABLE STEPS TO PREVENT HARASSMENT, DISCRIMINATION AND RETALIATION IN VIOLATION OF FEHA

#### (Against Defendants and DOES 1-60, inclusive)

28.     As a separate and distinct cause of action, Plaintiff complains and realleges all of the allegations contained in this Complaint, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

29.     At all times mentioned in this Complaint, the California Fair Employment and Housing Act ("FEHA"), *Government Code* §§ 12940 *et seq.*, was in full force and effect and was binding on Defendants, and each of them.  These sections required Defendants, and each of them, to take all reasonable steps to maintain a workplace environment free from unlawful discrimination and retaliation.

30.     Defendants, and each of them, created a hostile environment on account of sex and discriminated against and retaliated against Plaintiff because of Plaintiff's sex and disability and subjected Plaintiff to adverse employment action and/or terminating Plaintiff

31.     By engaging in the above-referenced acts and omissions, Defendants, and each of them, failed to take all reasonable steps maintain a workplace environment free from unlawful harassment, discrimination and retaliation in violation of *Government Code* § 12940 *et seq.*

32.     As a proximate result of Defendants' wrongful conduct, Plaintiff has sustained and continues to sustain economic damages in earnings and other employment benefits in an amount according to proof.

33.     As a proximate result of Defendants' wrongful conduct, Plaintiff has sustained and continues to sustain non-economic damages and emotional distress, including, but not limited to, loss of sleep, anxiety, tension, depression, and humiliation.

34.     Plaintiff has sustained general and special damages within the jurisdictional limits of this Court.

Keshk, Silverstein,
Jacob & Morrison, P.C.
9255 Sunset Blvd., Ste. 411
Los Angeles, CA  90069
Tel: (310) 273-3180

PLAINTIFF'S COMPLAINT FOR DAMAGES

35.     The acts and conduct of Defendants, and each of them, including, but not limited to Tracy Eckersell, constituted "malice," "oppression" and/or "fraud" (as those terms are defined in California *Civil Code* § 3294(c)), in that it was intended by Defendants, and each of them, to cause injury to Plaintiff or was despicable conduct which was carried out by the Defendants, and each of them, with a willful and conscious disregard of the rights of Plaintiff.

36.     The acts of Defendants, and each of them, were done fraudulently, maliciously and oppressively and with the advance knowledge, conscious disregard, authorization, ratification or act of oppression, within the meaning of *Civil Code* § 3294 on the part of Defendants' officers, directors, or managing agents of the corporation.  The actions and conduct of Defendants, and each of them, were intended to cause injury to Plaintiff and constituted deceit and concealment of material facts known to Defendants, and each of them, with the intention on the Defendants' part to deprive Plaintiff of property and legal rights, justifying an award of exemplary and punitive damages in an amount according to proof.

37.     Plaintiff is entitled to attorneys' fees pursuant to *Government Code* § 12965.

## THIRD CAUSE OF ACTION

### RETALIATION IN VIOLATION OF FEHA

### (Against Defendants and DOES 1-60, inclusive)

38.     As a separate and distinct cause of action, Plaintiff complains and realleges all of the allegations contained in this Complaint, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

39.     Defendants, and each of them, including their agents, employees and representatives, are subject to suit under Sections 12940, *et seq.*, of the California Fair Employment and Housing Act ("FEHA").

40.     Plaintiff took part in the protected activities of objecting and/or refusing to participate in conduct she believed to be discriminatory, complaining about and/or opposing what she reasonably believed to be discrimination, and requesting protected time off pertaining to a

Keshuk, Silverstein,
Jacob & Morrison, P.C.
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180

7

PLAINTIFF'S COMPLAINT FOR DAMAGES

1    disability and/or serious health condition.  In retaliation therefore, Defendants subjected Plaintiff

2    to adverse employment action and/or terminated her.

3          41.     In engaging in the aforementioned conduct, Defendants, and each of them, aided,

4    abetted, incited, compelled and/or coerced unlawful employment practices in violation of well-

5    known policies of this State against such practices.  Specifically, Defendants, and each of them,

6    violated Sections 12940(h) and 12945 of the FEHA.

7          42.     As a proximate result of Defendants' wrongful conduct, Plaintiff has sustained and

8    continues to sustain economic damages in earnings and other employment benefits in an amount

9    according to proof.

10         43.     As a proximate result of Defendants' wrongful conduct, Plaintiff has sustained and

11   continues to sustain non-economic damages and emotional distress, including, but not limited to,

12   loss of sleep, anxiety, tension, depression, and humiliation.

13         44.     The acts and conduct of Defendants, and each of them, including, but not limited

14   to Tracy Eckersell, constituted "malice," "oppression" and/or "fraud" (as those terms are defined

15   in California *Civil Code* § 3294(c)), in that it was intended by Defendants, and each of them, to

16   cause injury to Plaintiff or was despicable conduct which was carried out by the Defendants, and

17   each of them, with a willful and conscious disregard of the rights of Plaintiff.

18         45.     The acts of Defendants, and each of them, were done fraudulently, maliciously and

19   oppressively and with the advance knowledge, conscious disregard, authorization, ratification or

20   act of oppression, within the meaning of *Civil Code* § 3294 on the part of Defendants' officers,

21   directors, or managing agents of the corporation.  The actions and conduct of Defendants, and

22   each of them, were intended to cause injury to Plaintiff and constituted deceit and concealment of

23   material facts known to Defendants, and each of them, with the intention on the Defendants' part

24   to deprive Plaintiff of property and legal rights, justifying an award of exemplary and punitive

25   damages in an amount according to proof.

26         46.     Plaintiff will also seek and is entitled to recover attorneys' fees in connection with

27   this cause of action under *Government Code* § 12965.

28

*Kesluk, Silverstein,*
*Jacob & Morrison, P.C.*
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180

8
PLAINTIFF'S COMPLAINT FOR DAMAGES

## FOURTH CAUSE OF ACTION

### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

### (Against Defendants and DOES 1-60, inclusive)

90.     As a separate and distinct cause of action, Plaintiff, complains and realleges all the allegations contained in this Complaint, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

91.     Defendant subjected Plaintiff to adverse employment action and/or terminated Plaintiff in substantial part in violation of the aforementioned state statutes and for the above-described complaints.

92.     Defendants retaliated against Plaintiff because Plaintiff exercised rights, objected to, raised concerns about and refused to participate in activities that resulted in violations of the Labor Code and Fair Employment and Housing Act.  Such termination constitutes unlawful and wrongful termination in violation of public policy.

93.     Defendants' wrongful termination of Plaintiff as described above occurred in violation of fundamental public policies of the State of California, including but not limited to the right to not be harassed or discriminated against, reporting, raising concerns, objecting to and refusing to participate in unlawful retaliation.  Such public policies are reflected in *Labor Code* 1102.5 *et seq.* and *Government Code* §§ 12900, *et seq.*

94.     These public policies inure to the benefit of the public, not just the private interests of the employer and employee, because all individuals within the State are afforded these rights.

95.     The termination of Plaintiff, as herein alleged, violated one or more of the above set forth public policies.

96.     The acts and conduct of Defendants, and each of them, including, but not limited to Tracy Eckersell, constituted "malice," "oppression" and/or "fraud" (as those terms are defined in California *Civil Code* § 3294(c)), in that it was intended by Defendants, and each of them, to cause injury to Plaintiff or was despicable conduct which was carried out by the Defendants, and each of them, with a willful and conscious disregard of the rights of Plaintiff.

*Kesluk, Silverstein,
Jacob & Morrison, P.C.*
9255 Sunset Blvd., Ste. 411
Los Angeles, CA  90069
Tel: (310) 273-3180

9

97.     The acts of Defendants, and each of them, were done fraudulently, maliciously and oppressively and with the advance knowledge, conscious disregard, authorization, ratification or act of oppression, within the meaning of *Civil Code* § 3294 on the part of Defendants' officers, directors, or managing agents of the corporation.  The actions and conduct of Defendants, and each of them, were intended to cause injury to Plaintiff and constituted deceit and concealment of material facts known to Defendants, and each of them, with the intention on the Defendants' part to deprive Plaintiff of property and legal rights, justifying an award of exemplary and punitive damages in an amount according to proof.

98.     Plaintiff is entitled to attorneys' fees pursuant to California *Code of Civil Procedure* §1021.5 and *Government Code* § 12965.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment, jointly and severally, against Defendants, and each of them, as follows:

1.     General and special damages according to proof;

2.     Costs of suit incurred herein, including expert fees;

3.     Reasonable attorneys' fees per applicable law, including but not limited to pursuant to *Government Code* § 12965 and *Code of Civil Procedure* §1021.5;

4.     Punitive and exemplary damages;

5.     Injunctive and/or declaratory relief, including but not limited to a declaratory judgment that the practices complained of herein are unlawful under California law for which claims are herein pleaded;

6.     Pre-judgment and post-judgment interest as provided by law; and

7.     Such other and further and equitable relief as this Court deems necessary, just and proper, including reinstatement.

*Keshk, Silverstein,*
*Jacob & Morrison, P.C.*
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180

10

PLAINTIFF'S COMPLAINT FOR DAMAGES

DATED:  June 8, 2020                KESLUK, SILVERSTEIN, JACOB & MORRISON, P.C.

By _____
        Douglas N. Silverstein, Esq.
        Michael G. Jacob, Esq.
        Attorneys for Plaintiff CHERIE WALLIS

Kesluk, Silverstein,
Jacob & Morrison, P.C.
9255 Sunset Blvd., Ste. 41
Los Angeles, CA 90069
Tel: (310) 273-3180

11
PLAINTIFF'S COMPLAINT FOR DAMAGES

## JURY TRIAL DEMAND

Plaintiff hereby demands a jury trial on all issues so triable.

DATED:   June 8, 2020

KESLUK, SILVERSTEIN, JACOB & MORRISON, P.C.

By _____

Douglas N. Silverstein, Esq.
Michael G. Jacob, Esq.
Attorneys for Plaintiff CHERIE WALLIS

*Kesluk, Silverstein,
Jacob & Morrison, P.C.*
9255 Sunset Blvd., Ste. 411
Los Angeles, CA  90069
Tel: (310) 273-3180

12

PLAINTIFF'S COMPLAINT FOR DAMAGES

# EXHIBIT B

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Douglas N. Silverstein, Esq. (SBN 181957); Michael G. Jacob, Esq. (SBN 229939)<br>KESLUK, SILVERSTEIN, JACOB & MORRISON, P.C.<br>9255 Sunset Boulevard, Suite 411<br>Los Angeles, CA 90069<br>TELEPHONE NO.: 310-273-3180   FAX NO.: 310-273-6137<br>ATTORNEY FOR *(Name)*: Plaintiff, Cherie Wallis | **F I L E D**<br><br>Superior Court of California<br>County of Butte<br><br>6/8/2020<br><br>Kimberly Flener, Clerk<br>By _C. Fullen_ Deputy<br>*Electronically FILED* |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Butte
STREET ADDRESS: 1775 Concord Avenue
MAILING ADDRESS: Same as above
CITY AND ZIP CODE: Chico, CA 95928
BRANCH NAME: North Butte County Courthouse

CASE NAME:
Wallis v Autozone, Inc.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: 20CV01145 |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount demanded exceeds $25,000) | [ ] Limited<br>(Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | **Enforcement of Judgment** |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | [ ] Enforcement of judgment (20) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Miscellaneous Civil Complaint** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] RICO (27) |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Fraud (16) | [ ] Residential (32) | **Miscellaneous Civil Petition** |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Partnership and corporate governance (21) |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Other petition *(not specified above)* (43) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [✓] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case  [ ] is   [✓] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a.[✓] monetary   b.[ ] nonmonetary; declaratory or injunctive relief   c.[✓] punitive

4. Number of causes of action *(specify):*  Four (4)

5. This case  [ ] is   [✓] is not   a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: June 8, 2020

Michael G. Jacob, Esq.
(TYPE OR PRINT NAME)          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the
case involves an uninsured
motorist claim subject to
arbitration, check this item
instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability *(not asbestos or
toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip
and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination,
false arrest) *(not civil
harassment)* (08)
Defamation (e.g., slander, libel)
(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
*(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract *(not unlawful detainer
or wrongful eviction)*
Contract/Warranty Breach–Seller
Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open
book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage *(not provisionally
complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent
domain, landlord/tenant, or
foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
drugs, check this item; otherwise,
report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
*(arising from provisionally complex
case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment *(non-
domestic relations)*
Sister State Judgment
Administrative Agency Award
*(not unpaid taxes)*
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-
harassment)*
Mechanics Lien
Other Commercial Complaint
Case *(non-tort/non-complex)*
Other Civil Complaint
*(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition *(not specified
above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late
Claim
Other Civil Petition

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name & Address)*:   TELEPHONE NO.: | | FOR COURT USE ONLY |
|---|---|---|

ATTORNEY FOR *(Name)*:

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF BUTTE**

☐ Butte County Courthouse
   One Court Street, Oroville, CA  95965
   (530) 532-7002

■ North Butte County Courthouse
   1775 Concord Avenue, Chico, CA  95928
   (530) 532-7009

Superior Court of California
County of Butte

**F I L E D**

**06/08/2020**

Kimberly Flener, Clerk

By **C. Tilton** Deputy

PLAINTIFF(S):   CHERIE WALLIS

DEFENDANT (S):   AUTOZONE, INC, A NEVADA CORPORATION

**NOTICE OF ASSIGNMENT & CASE MANAGEMENT CONFERENCE**

CASE NUMBER:  20CV01145

---

1.     NOTICE is given of Assignment of the above entitled case for all purposes to Judge **Robert A Glusman**.

2.     NOTICE is given that the Case Management Conference is scheduled as follows:

Date: **December 09, 2020**    Time: **10:30 A.M.**    Court Facility: ■ CHICO (1775 CONCORD AVE, CHICO)

> **PLAINTIFF/CROSS COMPLAINANT MUST SERVE THIS NOTICE WITH SUMMONS AND COMPLAINT/CROSS COMPLAINT**

3.     You **must** file and serve a completed Case Management Statement at least fifteen days before the conference.

4.     You **must** be familiar with the case and be fully prepared to participate effectively in the Case Management Conference by personal or telephonic appearance.  (Telephonic appearances are arranged by calling Court Call at 1-888-882-6878).

5.     At the Case Management Conference, the court shall make pretrial orders, including but not limited to:

    a.   Establishing a discovery schedule.

    b.   Ordering the case to mediation or arbitration.

    c.   Dismissing fictitious defendants.

    d.   Scheduling exchange of expert witness information.

    e.   Setting subsequent conferences and the trial date.

    f.   Consolidating cases.

    g.   Severing trial of cross-complaints or bifurcating trial of issues.

    h.   Determining when demurrers, motions to strike and other motions are to be noticed.

**\* \* \* Note:  Counsel and Parties Should Review CRC §3.720-3.730. \* \* \***

**Tentative Rulings:**  The Court follows the tentative ruling procedure set forth in CRC § 3.1308(a)(1) and in Local Rule 2.9: tentative rulings on law and motion matters will be available on the Court's website at www.buttecourt.ca.gov and by telephone at (530) 532-7022 by 3:00 p.m on the Court day preceding the hearing. By 4 p.m. that same day, a party must notify all other parties and the Court of their intention to argue. If timely notice is not given, no oral argument will be permitted unless the court has directed the parties to provide further argument in its tentative ruling.

> **\*\*Sanctions\*\***
>
> If you do not, (1) file the Case Management Statement, (2) attend the Case Management Conference personally or by telephone (or have counsel attend for you), and/or (3) you (or counsel appearing for you) do not participate effectively in the conference, the court may impose sanctions (including dismissal of the case and payment of money).

I declare under penalty of perjury that I am not a party to this action, am at least 18 years of age and that I personally mailed a copy of this Notice of Assignment & Case Management Conference with the conference date and hearing time inserted to <u>Douglas Neil Silverstein</u>, a person representing the plaintiff/cross-complainant.

Date:  June 08, 2020             Kimberly Flener, Clerk of the Court, by Crystal Tilton, Deputy.



SUPERIOR COURT OF CALIFORNIA, COUNTY OF BUTTE

# ALTERNATIVE DISPUTE RESOLUTION

# PACKET

KIMBERLY FLENER
Court Executive Officer
Superior Court of California, County of Butte
1775 Concord Ave
Chico, CA  95928-9486
(530) 532-7009

This packet contains information regarding Alternative Dispute Resolution (ADR) and the form to stipulate to ADR.

**Note: This packet must be served to the opposing party along with the complaint. (California Rule of Court 3.221)**

Updated 07/01/2019

## YOU DON'T HAVE TO GO TO TRIAL: Other Ways to Resolve a Civil Dispute

*Did you know that most civil lawsuits settle without a trial? There are a number of ways to resolve civil disputes without having to go to trial. These alternatives to a lawsuit are known as **Alternative Dispute Resolution (ADR)** an increasingly popular option that allows people to resolve disputes outside of court in a cooperative manner.*

*Butte County's ADR department is dedicated to helping you determine the type of ADR that is most likely to help you resolve your dispute. For more questions, please contact Butte County Superior Court at (530) 532-7009 or visit our ADR website at* http://www.buttecourt.ca.gov/apps/CivilADR/Default.htm

### What Are The Advantages Of Using ADR?

- *Faster* –Litigation can take years to complete but ADR usually takes weeks or months.
- *Cheaper* – Parties can save on attorneys' fees and litigation costs.
- *Cooperative and less stressful* – In mediation, parties cooperate to find a mutually agreeable resolution.
- *Preserve Relationships* – A mediator can help you effectively communicate your interests and point of view to the other side. This is an important benefit when you want to preserve a relationship.

### What Are The Disadvantages Of Using ADR?

- *ADR may not be suitable for every dispute*
- *You may go to court anyway* – If you cannot resolve your dispute using ADR, you may still have to spend time and money resolving your lawsuit through the courts.
- *Loss of protections*– If ADR is binding, then you may give up some court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

### What types of Disputes are suitable for ADR?

ADR techniques have been used successfully in a variety of disputes:
- Business disputes- contracts, partnerships
- Property / Land use disputes- property transfers, boundaries, easements
- Consumer / Collection disputes- repairs, services, warranties, debts
- Employment disputes- employment contracts, terminations
- Landlord/tenant disputes- evictions, rent, repairs, security deposits
- Neighborhood disputes / Relational disputes or other civil or personal conflicts
- Personal Injury / Insurance disputes- accidents, coverage, liability

### Types of ADR Available in Butte County

- *Mediation* **(Local Rule 6)**
  In mediation, the mediator (a neutral) assists the parties in reaching a mutually acceptable resolution of their dispute. The mediator does not decide how the dispute is to be resolved. The parties do. It is a cooperative process in which the parties work together toward a resolution that tries to meet everyone's interests. Mediation often leads to better communication between the parties and lasting resolutions.

  > *Cases for Which Mediation May Be Appropriate*: Mediation may be particularly useful when parties have a relationship they want to preserve (family members, neighbors, business partners). Mediation is also useful when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in a nondestructive manner.

> *Cases for Which Mediation May Not Be Appropriate:* Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

□ *Arbitration* (Local Rule 6)
In arbitration, the arbitrator (a neutral) reviews evidence, hears arguments, and makes a decision (award) to resolve the dispute. Arbitration normally is more informal, quicker, and less expensive than a lawsuit. In a matter of hours, an arbitrator often can hear a case that otherwise may take a week in court to litigate. *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Generally, there is no right to appeal an arbitrator's decision. *Nonbinding arbitration* means that the parties are free to request a trial if they do not accept the arbitrator's decision. However, if that party does not receive a more favorable result at trial, they may have to pay a penalty.

> *Cases for Which Arbitration May Be Appropriate:* Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

> *Cases for Which Arbitration May Not Be Appropriate:* If parties want to retain control over how their dispute is resolved, arbitration may not be appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

□ *Settlement Conferences* (Local Rule 3)
Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option.

### Neutral Selection

The selection of a neutral is an important decision. For your convenience, the court has made available a list of neutrals that can assist parties in resolving their disputes. The two-tiered panel is comprised of individuals that have met the requirements set forth by the court to provide dispute resolution services. Neutrals from the "Random Select" Panel will provide up to three hours of mediation free of charge and will be randomly assigned by the court. Neutrals from the "Party Select" Panel can be chosen by you and are available to assist you on a fee-for-service basis.

*Panelists are not Court employees; therefore service, style and expertise will vary by individual provider.*

There are several types of ADR beside mediation, arbitration and settlement conferences, including case evaluation, conciliation, and mini-trials. The important thing is to try to find the type or types of ADR that are most likely to help you resolve your dispute.

### Who Should I Contact?
To locate a dispute resolution program or neutral in your community, call:
The Consumer Information Center at 1-800-952-5210;
The Butte County Bar Association at (530) 345-1940;
Look in the Yellow Pages under "Arbitrators" or "Mediators";
Or contact Butte County Superior Court at (530) 532-7009
http://www.buttecourt.ca.gov/apps/CivilADR/Default.htm

# BUTTE COUNTY SUPERIOR COURT PANEL MEDIATORS

### *Random Select Mediators*

Melissa Atteberry
Lorie Brooks
Sharon Cohen
O'Neil Dennis
Joel P. Franciosa
Anthony Galyean
Peter Geissler
Virginia Gingery
Mark Habib
Les Hait
John T. Harris
Kimberly Henderson
M. Brooks Houghton
David Howard
Mark Johnson
Gilbert Jones
Dawn Kusumoto
Joel Massae
Erin McIntosh
Miriam McNally
Chester Morris
David Murray
Michael Polsan
Alicia Rock
Michael Rooney
Deborah Schowalter
Joseph Selby
Frances Simmons
Jane Stansell
Kenneth Turner
Cheryl L. Tyree
Bobette Vassar
Erwin Williams
Martha Wilson
Elisabeth Woodward

### *Party Select Mediators*

Darrel Lewis
Kimberly Steffenson
John Zorbas

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name & Address)*: | *FOR COURT USE ONLY* |
|---|---|
| TELEPHONE NO:<br>ATTORNEY FOR *(Name)*: | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF BUTTE**

☐ Butte County Courthouse    ☐ North Butte County Courthouse
One Court Street  Oroville, CA  95965   1775 Concord Avenue, Chico, CA  95926
(530) 538-7002              (530) 532-7009

PETITIONER/PLAINTIFF(S):

RESPONDENT/DEFENDANT(S):

| **STIPULATION TO PARTICIPATE IN<br>ALTERNATIVE DISPUTE RESOLUTION (ADR)** | CASE NUMBER: |
|---|---|

The undersigned parties stipulate to participate in Alternative Dispute Resolution (ADR) in the above-entitled action, as follows:

1.   ALTERNATIVE DISPUTE RESOLUTION PROCESS:

☐  Mediation

      ☐  Mediator assigned from the "Random Select" panel. (*Pursuant to Local Rule 6.8, mediators on the Court's "random select" panel will provide up to three (3) hours of mediation free of charge*)

      ☐  Mediator chosen by the parties from the "Party Select" panel. (*Pursuant to Local Rule 6.8, parties will be charged an amount as agreed upon by the mediator and will be the responsibility of the parties*)

      ☐  Private mediator chosen by the parties – not on Court panel.

      **Mediator Name:** _____

☐  Non-Binding Arbitration
☐  Binding Arbitration

      ☐  Arbitrator chosen by the parties from the Court panel. (*Pursuant to Local Rule 6.8, parties will receive up to three hours of arbitration hearing time free of charge.  Compensation for additional hours will be negotiated between the parties and the arbitrator and will be the responsibility of the parties*)

      ☐  Private arbitrator chosen by the parties – not on Court panel

      **Arbitrator Name:** _____

Dated: _____

| | | |
|---|---|---|
| _____ | _____ | ▶ _____ |
| Name of Stipulating Party<br>☐ Plaintiff ☐Defendant ☐Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| _____ | _____ | ▶ _____ |
| Name of Stipulating Party<br>☐ Plaintiff ☐Defendant ☐Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |

☐ Additional Signature(s) on reverse

Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

► Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

► Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

► Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

► Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

► Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

► Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

► Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

► Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

► Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

► Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

► Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

► Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

► Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

► Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

► Signature of Party or Attorney



POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| DOUGLAS N. SILVERSTEIN, ESQ. (SBN 181957), MICHAEL G. JACOB, ESQ. (SBN 229939)<br>KESLUK, SILVERSTEIN, JACOB & MORRISON, P.C.<br>9255 SUNSET BLVD., SUITE 411<br>LOS ANGELES, CA 90069 | |

TELEPHONE NO.  (310) 273-3180          FAX NO. *(Optional)* (310) 273-6137

E-MAIL ADDRESS *(Optional):* dsilverstein@californialaborlawattorney.com / mjacob@californialaborlawattorney.com

ATTORNEY FOR *(Name):* PLAINTIFF

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF BUTTE**

STREET ADDRESS:  1775 CONCORD AVENUE

MAILING ADDRESS:  SAME AS ABOVE

CITY AND ZIP CODE:  CHINO, CA 95928

BRANCH NAME:  NORTH BUTTE COUNTY COURTHOUSE

**F I L E D**

Superior Court of California
County of Butte

**6/15/2020**

Kimberly Flener, Clerk

By _____ Deputy

*Electronically FILED*

PLAINTIFF/PETITIONER:  CHERIE WALLIS, an individual

DEFENDANT/RESPONDENT:  AUTOZONE, INC., a Nevada Corporaiton; et al.

CASE NUMBER:

**20CV01145**

| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:  KESSI-0139939.GE |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. ☑ Summons
   b. ☑ Plaintiff's Complaint for Damages
   c. ☑ Alternative Dispute Resolution (ADR) Packet
   d. ☑ Civil Case Cover Sheet
   e. ☐ Cross-Complaint
   f. ☑ Other *(specify documents):*  NOTICE OF ASSIGNMENT & CASE MANAGEMENT CONFERENCE

3. a. Party served *(specify name of party as shown on documents served):*
      AUTOZONE, INC., a Nevada Corporation

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
      CT CORPORATION SYSTEM, AGENTS FOR SERVICE By leaving with DAISY MONTENEGRO, PROCESS SPECIALIST

4. Address where the party was served:  818 WEST 7TH STREET, SUITE 930, LOS ANGELES, CA 90017

5. I served the party *(check proper box)*
   a. ☑  **by personal service.** I personally delivered the documents listed item 2 to the party or person authorized to receive service of process for the party (1) on *(date):*  06/11/2020     (2) at *(time):*  11:54 AM
   b. ☐  **by substituted service.** On *(date):*        at *(time):*        I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) ☐  **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐  **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐  **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) ☐  I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ.Proc., § 415.20). I mailed the documents on *(date):*        from *(city):*        **or** ☐ a declaration of mailing is attached.

Page 1 of 2

| PLAINTIFF/PETITIONER:  CHERIE WALLIS, an individual | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:  AUTOZONE, INC., a Nevada Corporaiton; et al. | 20CV01145 |

      (5) ☐  I attach a **declaration of diligence** stating actions taken first to attempt personal service.

5. c. ☐   **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1)  on *(date):*        (2)  from *(city):*

    (3) ☐  with two copies of the *Notice and Acknowledgment of Receipt and a postage-paid return envelope addressed to me. (Attach completed Notice and Acknowledgment of Receipt).* (Code Civ. Proc., § 415.30.)

    (4) ☐  to an address outside California with return receipt requested.  (Code Civ. Proc., § 415.40.)

  d. ☐   **by other means** *(specify means of service and authorizing code section):*

    ☐  Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☐  as an individual defendant.
  b. ☐  as the person sued under the fictitious name of *(specify):*
  c. ☐  as occupant.
  d. ☑  On behalf of *(specify):*  AUTOZONE, INC., a Nevada Corporation
    under the following Code of Civil Procedure section:

    ☑ 416.10 (corporation)         ☐ 415.95 (business organization, form unknown)
    ☐ 416.20 (defunct corporation)     ☐ 416.60 (minor)
    ☐ 416.30 (joint stock company/association)   ☐ 416.70 (ward or conservatee)
    ☐ 416.40 (association or partnership)    ☐ 416.90 (authorized person)
    ☐ 416.50 (public entity)         ☐ 415.46 (occupant)
                            ☐ other:

7. **Person who served papers**
  a. Name:  ALEX RUVALCABA
  b. Address:  PO Box 861057, Los Angeles, California 90086
  c. Telephone number:  (213) 975-9850
  d. **The fee** for service was: $ 63.00
  e. I am:
    (1) ☐  not a registered California process server.
    (2) ☐  exempt from registration under Business and Professions Code section  22350(b).
    (3) ☑  registered California process server:
      (i) ☐ owner   ☐ employee   ☑ independent contractor
      (ii)  Registration No.:  2016010565
      (iii)  County:  LOS ANGELES

8. ☑  **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
   or
9. ☐  **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: 6/11/2020

ALEX RUVALCABA
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)           ▶                        (SIGNATURE )

**PROOF OF SERVICE OF SUMMONS**

# EXHIBIT C

1   MICHAEL HOFFMAN, Bar No. 162496
    ARENA HOFFMAN LLP
2   220 Montgomery Street, Suite 905
    San Francisco, CA  94104
3   Telephone:    415.433.1414
    Facsimile:    415.520.0446
4   Email:    mhoffman@arenahoffman.com

5   Attorneys for Defendant
    AUTOZONE, INC

6

7

8                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                              COUNTY OF BUTTE

10

11  CHERIE WALLIS, an individual,          Case No. 20CV01145

12                    Plaintiff,           Assigned for all purposes to Dept. 10
                                           Hon. Robert A. Glusman
13            v.

14  AUTOZONE, INC. a Nevada Corporation,   **ANSWER**
    And DOES 1 through 60, inclusive,
15
                      Defendants.          Complaint Filed:  June 8, 2020
16

17

18  TO THE COURT CLERK, ALL PARTIES, AND ALL ATTORNEYS OF RECORD:

19         Defendant, AUTOZONE, INC. ("Defendant") answers the Complaint of Plaintiff CHERIE

20  WALLIS ("Plaintiff") by admitting, denying, and alleging as follows:

21      **OBJECTION BASED ON PLAINTIFF'S BREACH OF HER DUTY TO ARBITRATE**

22         Plaintiff agreed to submit all claims or disputes regarding the matters raised in the Complaint

23  to binding arbitration.  Attached hereto as Exhibit A is a true and correct copy of the applicable

24  arbitration agreement.  Plaintiff's lawsuit breaches her agreement and should be dismissed or stayed.

25  The Court should compel Plaintiff to honor her agreement to arbitrate and deny her request for relief.

26  Without waiving its Objection, and to avoid any contention that it has waived other denials and other

27  objections to the Complaint, Defendant further responds as follows:

28

ARENA HOFFMAN LLP
220 Montgomery Street
Suite 905
San Francisco, CA  94104
415.433.1414

ANSWER                                                              Case No. 20CV01145

1
2
3
4
5

## GENERAL DENIAL

1.    Pursuant to Code of Civil Procedure section 431.30(d), Defendant specifically denies each and every allegation of Plaintiff's unverified Complaint, denies that Plaintiff has been damaged or sustained any damages as a result of the conduct alleged therein, and asserts the affirmative defenses set forth below.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

1.    The Court lacks subject matter jurisdiction to adjudicate the causes of action in the Complaint because Plaintiff is bound by an arbitration agreement; Plaintiff must submit all of her causes of action and claims to binding arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. § 1, *et. seq.* (the "FAA") or, alternatively, Code of Civil Procedure § 1281, *et. seq.*

## SECOND AFFIRMATIVE DEFENSE

2.    State procedural rules of arbitration, codified in Code of Civil Procedure § 1281, *et. seq.*, are preempted by the FAA, 9 U.S.C. § 1, *et. seq.*, because Plaintiff is bound by an arbitration agreement governed by the FAA that covers the claims and issues raised herein.

## THIRD AFFIRMATIVE DEFENSE

3.    Plaintiff's Complaint and each of its causes of action fail to state a claim upon which relief can be granted.

## FOURTH AFFIRMATIVE DEFENSE

4.    Defendant is informed and believes that Plaintiff's alleged damages were proximately caused by or contributed to by acts, or failures to act, of persons other than Defendant, which acts or failures to act constitute an intervening and superseding cause of the damages and injuries alleged in the Complaint.

## FIFTH AFFIRMATIVE DEFENSE

5.    Defendant is informed and believes that Plaintiff is entirely or, in the alternative, partially barred from any recovery because of her failure to take reasonable and necessary steps to mitigate her alleged damages.

ARENA HOFFMAN LLP
220 Montgomery Street
Suite 905
San Francisco, CA 94104
415.433.1414

ANSWER                                      2.                          Case No. 20CV01145

### SIXTH AFFIRMATIVE DEFENSE

6.     Defendant is informed and believes that Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation, including those in Cal. Code Civ. Proc. §§ 335.1, 338, 340; and Cal. Govt. Code §§ 12960, 12965(b).

### SEVENTH AFFIRMATIVE DEFENSE

7.     Defendant is informed and believes that Plaintiff's claims and damages are preempted, in whole or in part, by applicable workers' compensation laws.

### EIGHTH AFFIRMATIVE DEFENSE

8.     In addition to the facts and circumstances known to Defendant at the time of Plaintiff's discharge, Defendant is informed and believes that Plaintiff engaged in additional misconduct that justified said discharge from the date said misconduct was discovered.  Plaintiff is not entitled to any damages from the date this information was discovered.

### NINTH AFFIRMATIVE DEFENSE

9.     Defendant is informed and believes that Plaintiff's claims and damages are barred because Plaintiff failed to exhaust all administrative remedies prior to filing suit, including those available under the Fair Employment and Housing Act ("FEHA"), Cal. Govt. Code § 12940, *et seq.*

### TENTH AFFIRMATIVE DEFENSE

10.     Defendant is informed and believes that Plaintiff's claims and damages are barred, in whole or in part, by the doctrine of avoidable consequences.  Defendant had, at all relevant times, an internal policy that sets forth the procedure to be followed if an employee believes she has been harassed or discriminated or retaliated against, and Defendant provided other opportunities to prevent or correct such conduct.  To the extent Plaintiff failed to utilize such procedures, Plaintiff's claims or damages are barred.

### ELEVENTH AFFIRMATIVE DEFENSE

11.     Defendant is informed and believes that Plaintiff's claims and damages are barred, in whole or in part, by the doctrine of waiver.

ARENA HOFFMAN LLP
220 Montgomery Street
Suite 905
San Francisco, CA 94104
415.433.1414

ANSWER                                    3.                          Case No. 20CV01145

1

**TWELFTH AFFIRMATIVE DEFENSE**

2     12.    Defendant is informed and believes that Plaintiff's claims and damages are barred, in

3  whole or in part, by the doctrine of unclean hands.

4

**THIRTEENTH AFFIRMATIVE DEFENSE**

5     13.    Defendant is informed and believes that Plaintiff's claims and damages are barred, in

6  whole or in part, by the doctrine of unjust enrichment.

7

**FOURTEENTH AFFIRMATIVE DEFENSE**

8     14.    At all times relevant to the action, the conduct of Defendant was undertaken in the

9  legitimate exercise of managerial discretion, based on legitimate, non-discriminatory and non-

10  retaliatory reasons, and done at all times in good faith.

11

**FIFTEENTH AFFIRMATIVE DEFENSE**

12     15.    Plaintiff is not entitled to relief on any of her causes of action because Defendant's

13  actions were reasonable in response to a legitimate business necessity, and were taken for legitimate,

14  non-retaliatory business reasons.

15

**SIXTEENTH AFFIRMATIVE DEFENSE**

16     16.    Defendant alleges that, if it is adjudged to that the actions were motivated by both

17  lawful and unlawful reasons, the lawful reason alone would have induced Defendant to make the

18  same decision.

19

**SEVENTEENTH AFFIRMATIVE DEFENSE**

20     17.    Defendant is informed and believes that Plaintiff, by her conduct or otherwise, is

21  estopped to assert any wrongful conduct on the part of Defendant.

22

**EIGHTEENTH AFFIRMATIVE DEFENSE**

23     18.    Defendant alleges that, if Plaintiff is adjudged to be entitled to any recovery based on

24  her Complaint, Defendant is entitled to a set off for each of the following, respectively and

25  separately:  the damage to Defendant inflicted by Plaintiff's wrongful acts and breaches of contract

26  and duty; any payments made to Plaintiff by order or stipulation from any administrative agency; or

27  any other compensation paid to or received by Plaintiff from any source.

28

ARENA HOFFMAN LLP
220 Montgomery Street
Suite 905
San Francisco, CA 94104
415.433.1034

### NINETEENTH AFFIRMATIVE DEFENSE

19.     The imposition of punitive damages under California law, including but not limited to Civil Code §§ 3294, 3295, as interpreted and applied through California judicial authority, constitutes a denial of due process, procedural and substantive, in violation of the Fifth and Fourteenth Amendments to the United States Constitution.

WHEREFORE, Defendant AUTOZONE, INC. prays for judgment as follows:

1.     That the Complaint be dismissed and judgment be entered against Plaintiff and in favor of Defendant on all of Plaintiff's claims;

2.     That Plaintiff be ordered to pay Defendant's costs and attorneys' fees; and

3.     For such other and further relief as the Court deems just and proper.

Dated:  July 2, 2020

MICHAEL HOFFMAN
ARENA HOFFMAN LLP
Attorneys for Defendant
AUTOZONE, INC.

ARENA HOFFMAN LLP
220 Montgomery Street
Suite 905
San Francisco, CA 94104
415.433.1414

ANSWER                                        5.                            Case No. 20CV01145

# EXHIBIT A

# AutoZone Dispute Resolution Agreement 16.1

Haz clic aquí para ver o imprimir el documento en español. (Click here to view or print the document in Spanish.) Nota, la versión en inglés de este documento es la que rige. (Note, the English version of this document controls.)

## Applicability

This document does not apply to AutoZoners whose original hire date is prior to November 1, 2011 and who have opted out of AutoZone's Dispute Resolution Agreement 2011.

## Introduction

This Dispute Resolution Agreement (Agreement) is intended to provide a timely and fair procedure for you ("AutoZoner") and AutoZone to resolve disputes that arise out of your employment. AutoZoners are encouraged to initially address any concerns, questions, complaints and disputes through AutoZone's Respect in the Workplace Reporting procedure or Problem Solving Procedure, and this Agreement is not intended to be a substitute for the utilization of these procedures. Reference: Policy Center/Handbook

## Arbitration Requirement

Except as otherwise noted, this Agreement requires all such disputes to be resolved only by an arbitrator through final and binding arbitration and not by way of court or jury trial.

## Applicable Law

This Agreement is governed by the Federal Arbitration Act, 9 U.S.C. Section 1 et seq. and is a transaction involving commerce.

## Applicable Disputes

This Agreement applies to any dispute arising out of or related to AutoZoner's employment with AutoZone or one of its affiliates, subsidiaries or parent companies or termination of employment.

Except as it otherwise provides, this Agreement is intended to apply to the resolution of disputes that otherwise would be resolved in a court of law. Such disputes include without limitation disputes arising out of or relating to interpretation or application of this Agreement, but not as to the enforceability, revocability or validity of the Agreement or any portion of the Agreement. The Agreement also applies, without *limitation*, to disputes regarding the employment relationship, any city, county, state or federal wage- hour law, trade secrets, unfair competition, compensation, meal periods and rest breaks, uniform maintenance, training, termination, retaliation, or harassment and claims arising under the Uniform Trade Secrets Act, Civil Rights Act of 1964, Americans With Disabilities Act, Age Discrimination in Employment Act, Family Medical Leave Act, Fair Labor Standards Act, Employee Retirement Income Security Act, Genetic Information Non-Discrimination Act, and state statutes, if any, addressing the same or similar subject matters, and all other state statutory and common law claims (excluding workers compensation, state disability insurance and unemployment insurance claims).

## Administrative Claims

Claims may be brought before an administrative agency but only to the extent applicable law permits access to such an agency notwithstanding the existence of an agreement to arbitrate. Such administrative claims include without limitation claims or charges brought before the Equal Employment Opportunity Commission (www.eeoc.gov), the U.S. Department of Labor (www.dol.gov), the National Labor Relations Board (www.nlrb.gov), or the Office of Federal Contract Compliance Programs (www.dol.gov/esa/ofccp). Nothing in this Agreement shall be deemed to

## AutoZone Dispute Resolution Agreement 16.1

preclude or excuse a party from bringing an administrative claim before any agency in order to fulfill the party's obligation to exhaust administrative remedies before making a claim in arbitration.

## Disputes Not Covered

Disputes that may not be subject to pre-dispute arbitration agreement as provided by the Dodd-Frank Wall Street Reform and Consumer Protection Act (Public Law 111-203), as well as the California Private Attorney General Act (PAGA), are excluded from the coverage of this Agreement.

## Fee Responsibility

Each party will pay the fees for his, her or its own attorneys, subject to any remedies to which that party may later be entitled under applicable law. However, in all cases where required by law, AutoZone will pay the arbitrator's and arbitration fees. If under applicable law AutoZone is not required to pay all of the arbitrator's and/or arbitration fees, such fee(s) will be apportioned between the parties in accordance with applicable law, and any disputes in that regard will be resolved by the arbitrator.

## Arbitrator Selection

The arbitrator shall be selected by mutual agreement of AutoZone and the AutoZoner. Unless the AutoZoner and AutoZone mutually agree otherwise, the arbitrator shall be an attorney licensed to practice in the location where the arbitration proceeding will be conducted or a retired federal or state judicial officer who presided in the jurisdiction where the arbitration will be conducted. If for any reason the parties cannot agree to an arbitrator, either party may apply to a court of competent jurisdiction with authority over the location where the arbitration will be conducted for appointment of a neutral arbitrator. The court shall then appoint an arbitrator, who shall act under this Agreement with the same force and effect as if the parties had selected the arbitrator by mutual agreement.

## Arbitration Location

The location of the arbitration proceeding shall be no more than 45 miles from the place where the AutoZoner last worked for AutoZone, unless each party to the arbitration agrees in writing otherwise. If the AutoZoner no longer resides in the general geographical vicinity where he or she last worked for AutoZone, the AutoZoner and AutoZone shall agree to a location of the arbitration within 45 miles of where the AutoZoner resides.

## Demand for Arbitration

A demand for arbitration must be in writing and delivered by hand or first class mail to the other party within the applicable statute of limitations period. Any demand for arbitration made to AutoZone shall be provided to AutoZone Legal Department, P. O. Box 2198, Memphis, TN 38101-9842. The arbitrator shall resolve all disputes regarding the timeliness or propriety of the demand for arbitration.

## Parties' Rights During Arbitration

In arbitration, the parties will have the right to conduct adequate civil discovery, bring dispositive motions, and present witnesses and evidence as needed to present their cases and defenses, and any disputes in this regard shall be resolved by the arbitrator.

## Post Arbitration

Within 30 days of the close of the arbitration hearing, any party will have the right to prepare, serve on the other party and file with the arbitrator a brief. The arbitrator may award any party any remedy to which that party is entitled under applicable law, but such remedies shall be limited to

## AutoZone Dispute Resolution Agreement 16.1

those that would be available to a party in his or her individual capacity in a court of law for the claims presented to and decided by the arbitrator, and no remedies that otherwise would be available to an individual in a court of law will be forfeited by virtue of this Agreement. The arbitrator will issue a decision or award in writing, stating the essential findings of fact and conclusions of law. Except as may be permitted or required by law, as determined by the arbitrator, neither a party nor an arbitrator may disclose the existence, content, or results of any arbitration hereunder without the prior written consent of all parties. A court of competent jurisdiction shall have the authority to enter a judgment upon the award made pursuant to the arbitration. The arbitrator shall not have the power to commit errors of law or legal reasoning.

### Class Action Waiver

**There will be no right or authority for any dispute to be brought, heard or arbitrated as a class, collective or representative action ("Class Action Waiver"), and this Class Action Waiver means neither party will have the right to participate in or be a representative plaintiff in a class, collective or representative action.**

Notwithstanding any other clause contained in this Agreement, the preceding sentence shall not be severable from this Agreement in any case in which the dispute to be arbitrated is brought as a class, collective or representative action.

Although an AutoZoner will not be retaliated against, disciplined or threatened with discipline as a result of his or her exercising his or her rights under Section 7 of the National Labor Relations Act by the filing of or participation in a class, collective or representative action in any forum, AutoZone may lawfully seek enforcement of this Agreement and the Class Action Waiver under the Federal Arbitration Act and seek dismissal of such class, collective or representative actions or claims. Notwithstanding any other clause contained in this Agreement, any claim that all or part of the Class Action Waiver is unenforceable, unconscionable, void or voidable may be determined only by a court of competent jurisdiction and not by an arbitrator.

### No Retaliation

It is against AutoZone's policy for any AutoZoner to be subject to retaliation if he or she exercises his or her right to assert claims under this Agreement. If any AutoZoner believes that he or she has been retaliated against by anyone at AutoZone, the AutoZoner should immediately report this to the Human Resources department.

### Enforceability of the Agreement

This Agreement is the full and complete agreement relating to the formal resolution of employment-related disputes.

Except as stated above regarding the Class Action Waiver, in the event any portion of this Agreement is deemed unenforceable, the remainder of this Agreement will be enforceable. If the Class Action Waiver is deemed to be unenforceable, AutoZone and AutoZoner agree that this Agreement is otherwise silent as to any party's ability to bring a class, collective or representative action in arbitration.

### Acknowledgement of Receipt

I apply my electronic signature in AutoZone Policy Center to

- confirm that I have received the Dispute Resolution Agreement, and

## AutoZone Dispute Resolution Agreement 16.1

- agree to be bound by the terms in the Agreement.

**Questions?**

Direct questions about dispute resolution to your manager/supervisor, HR or AutoZoner Relations.

 Legal ©2016 AutoZone, Inc., *All rights reserved*

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is 220 Montgomery Street, Suite 905, San Francisco, California 94104.  On July 2, 2020, I served the within document(s):

**ANSWER**

☒  by placing a true copy of the document(s) listed above for collection and mailing following the firm's ordinary business practice in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at San Francisco, California addressed as set forth below.

Douglas N. Silverstein
Michael G. Jacob
Kesluk, Silverstein, Jacob & Morrison, P.C.
9255 Sunset Boulevard, Suite 411
Los Angeles, CA 90069
Telephone: (310) 273-3180
Facsimile: (310) 273-6137
Email:   dsilverstein@californialaborlawattorney.com
         mjacob@californialaborlawattorney.com

Attorneys for Plaintiff CHERIE WALLIS

I am readily familiar with the firm's practice of collection and processing correspondence for mailing and for shipping via overnight delivery service.  Under that practice, it would be deposited with the U.S. Postal Service or if an overnight delivery service shipment, deposited in an overnight delivery service pick-up box or office on the same day with postage or fees thereon fully prepaid in the ordinary course of business.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  Executed on July 2, 2020, at San Francisco, California.


_____
Michael Hoffman

ANSWER                                                    Case No. 20CV01145